UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Richard O'Connell, as chapter 7 Trustee of the          11 cv 6586 (JPO)
estate of Arbco Capital Management, LLP,

                                                        Plaintiff,

       - against-

Penson Financial Services, Inc.,

                                                       Defendant.
------------------------------------------------------------------x

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION
TO MOTION OF PENSON FINANCIAL SERVICES, INC.
<u>TO WITHDRAW THE REFERENCE</u>**


                                      GOLDBERG WEPRIN
                                      FINKEL GOLDSTEIN LLP
                                      Attorneys for Plaintiff
                                      1501 Broadway, 22nd Floor
                                      New York, New York 10036
                                      (212) 221-5700

                                      J. Ted Donovan, Esq.

## TABLE OF CONTENTS

                                                                **Page**

Table Contents ................................................................................ i

Table of Authorities ...................................................................... ii

I.     Overview of Argument .................................................... 1

II.    Factual Background. ....................................................... 3

III.   Argument ......................................................................... 5

CONCLUSION ............................................................................ 11

# TABLE OF AUTHORITIES

## Cases

Page

Granfinanciera v. Nordberg, 492 U.S. 33 (1989) .......................................... 6

In re Blixseth, 2011 WL 3274042 (Bankr. D.Mont. 2001) ........................... 6

In re Heller Ehrman LLP, 2011 WL 4542512 (Bankr. N.D.Cal. 2011) ..... 6-7

In re Magnesium Corporation of America, 2004 WL 1161172
(S.D.N.Y. 2004) .......................................................................... 8, 10-11

In re Manhattan Investment Fund Ltd., 310 B.R. 500
(Bankr. S.D.N.Y. 2002), aff'd 397 B.R. 1 (S.D.N.Y. 2007) ................... 6

In re Men's Sportswear, Inc., 834 F.2d 1134 (2d Cir. 1987) ........................ 9

In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993) ..................... 5, 9, 10

In re Ramirez Rodriguez, 209 B.R. 424 (Bankr. S.D. Tex. 1997) ................ 6

In re Safety Harbor Resort and Spa, 2011 WL 3849639
(Bankr. M.D.Fla.) ..................................................................................... 7

In re St. Mary's Hosp., 117 B.R. 125 (Bankr. E.D.Pa. 1990) ....................... 9

In re Teleservices Group, Inc., 2011 WL 3610050
(Bankr. W.D.Mi. 2011) ............................................................................ 6

McCord v. Papantoniou, 316 B.R. 113 (E.D.N.Y. 2004) ........................... 10

Stern v Marshall, 131 S.Ct. 2594 (2011) ............................................. 2, 6, 8

## **Statutes**

11 U.S.C. § 546(e) ....................................................................................................8
11 U.S.C. § 547........................................................................................................2
11 U.S.C. § 548(a)(1)(A).....................................................................................2, 5
11 U.S.C. § 548(a)(1)(B)........................................................................................2
28 U.S.C. § 157(c)(2) .............................................................................................9
28 U.S.C. § 157(d)..................................................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Richard O'Connell, as chapter 7 Trustee of the estate of Arbco Capital Management, LLP,

          Plaintiff,

 - against-

Penson Financial Services, Inc.,

          Defendant.
------------------------------------------------------------------x

Case No. 11 cv 6586 (JPO)

### TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF PENSON FINANCIAL SERVICES, INC. TO WITHDRAW THE REFERENCE

  Richard O'Connell (the "Trustee"), as Chapter 7 trustee for the estate of Arbco Capital Management LLP ("Arbco"), respectfully submits this Memorandum of Law in opposition to the motion of Penson Financial Services, Inc. ("Penson") to withdraw the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d).

### I. OVERVIEW OF ARGUMENT

  Penson has waived its right to seek a withdrawal of the reference by having impliedly consented to the jurisdiction of the Bankruptcy Court virtue of making two motions for affirmative relief, seeking to dismiss the complaint, without challenging the jurisdiction of the Bankruptcy Court or seeking to withdraw the reference. Having previously consented to Bankruptcy Court jurisdiction Penson cannot now change its mind.

Penson asserts that the Bankruptcy Court lacks jurisdiction over the causes of action alleged in the complaint either because some of the actions are non-core, or because the core proceedings are an unconstitutional grant of jurisdiction to a non-Article III court under the recent decision of the Supreme Court in Stern v Marshall, 131 S.Ct. 2594 (2011).

For the Court's ease of reference, the various causes of action contained in the Amended Complaint are as follows:

- Count 1.   Intentional fraud under Section 548(a)(1)(A) of the Bankruptcy Code;
- Count 2.   Constructive fraud under Section 548(a)(1)(B) of the Bankruptcy Code;
- Count 3.   Voidable preferences pursuant to Section 547 of the Bankruptcy Code;
- Count 4.   Aiding and Abetting fraud in violation of securities law;
- Count 5.   Common Law Breach of fiduciary duty;
- Count 6.   Breach of Contract; and
- Count 7.   Negligence.

In fact, the complaint is dominated by the first two causes of action seeking to avoid fraudulent transfers and the third cause of action to set aside preferential transfers, which have always been considered core proceedings over which the Bankruptcy Court has jurisdiction to entry final orders and judgments.[1]  The fourth through seventh counts in the Amended Complaint plead state law causes of action, but

---

[1] Penson cites two cases, which, coming on the heels of Stern v. Marshall, held fraudulent transfer actions to be outside the constitutional grant of jurisdiction to the Bankruptcy Court. However, as discussed in detail below, these decisions have been severely criticized in subsequent opinions as an overreaction to and incorrect expansion of the narrow ruling in Stern v. Marshall. These are clearly core proceedings that are properly tried in the Bankruptcy Court.

2

the facts arise out of the same transactions as in the first three core causes of action, potentially making these actions core as well.

Alternatively, should the Court be inclined to withdraw the reference, such withdrawal should be deferred, and the case should remain with the Bankruptcy Court until it is ready for trial. At that point, the reference can be withdrawn, if the case has not previously been resolved.

## II.   FACTUAL BACKGROUND

This adversary proceeding arises out of a Ponzi scheme pursuant to which Hayim Regensberg ("Regensberg") took monies loaned or invested with him through his company, Arbco, and engaged in highly speculative option and margin trading through Penson, ultimately losing over $10 million of his clients' money.

Regensberg was convicted of violating securities laws by means of a Ponzi scheme and is serving his sentence in Otisville Federal Prison Camp.

At the time of Regensberg's in October, 2007, his investors filed an involuntary Chapter 7 bankruptcy petition against Arbco. After the entry of an Order for Relief, the Trustee was appointed to investigate Arbco's financial affairs and try to recover monies for distribution to the creditors.

On October 15, 2009, the Trustee commenced the instant adversary proceeding against Penson seeking to recover at least $10,927,500 received by Penson from Arbco in the two years preceding the commencement of the involuntary case. The Trustee's claims are based upon allegations that Penson's involvement with Arbco was far more complex than that of the passive clearing broker that Penson claims to have

been, thereby enabling Regensberg to continue his fraud long past the point where he should have been shut down.

On February 22, 2010, Penson sought affirmative relief from the Bankruptcy Court by moving to dismiss the complaint as factually insufficient. In support, Penson raised the affirmative defenses of the "safe harbor" provisions of Section 546(e) which bar certain actions against a securities broker, and the "Wagoner Rule" which invokes *in pari delicto* to limit a bankruptcy trustee's standing to assert claims on behalf of a corporation that engaged in fraudulent conduct.[2] Nowhere in its motion did Penson deny the jurisdiction of the Bankruptcy Court.

After a hearing held on October 14, 2010, the Court directed that the Trustee amend the complaint to include more specific factual allegations concerning Penson's role in enabling Regensberg to continue his Ponzi scheme. The Amended Complaint was filed on January 18, 2011.

On March 18, 2011, Penson filed a motion for affirmative relief, this time seeking to dismiss the Amended Complaint. Again, there was no mention of the lack of jurisdiction of the Bankruptcy Court to hear this proceeding. Finally, in reply papers dated May 26, 2011, Penson for the first time raised the issue of the Bankruptcy Court's jurisdiction to hear this matter. The Court later deferred the hearing on the second motion to dismiss to afford Penson an opportunity to file the instant motion to withdraw the reference.

---

[2] Importantly, neither the safe harbor nor the Wagoner Rule applies to the first cause of action, which will survive the pending motion to dismiss.

### III.  ARGUMENT

The Trustee agrees that In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993), provides the proper framework for consideration of motions to withdraw the reference, setting out six factors to be considered, including whether the matter is core or non-core, efficient use of judicial resources, delay and costs, uniformity of bankruptcy administration, forum shopping and other related factors.  The jurisdiction of the Bankruptcy Court to enter a final judgment is the most important factor, as all of the other considerations will be impacted by this first determination.  In re Orion Pictures Corp., 4 F.3d at 1101.

In the instant case, the Bankruptcy Court has the power to enter a final judgment on at least the first three causes of action, because these dominant causes of action are core, and because Penson has impliedly consented to the jurisdiction of the Bankruptcy Court.

The focal point of this case is the first cause of action, alleging the Penson received payments through Regensberg's actual fraud.  Under the express provisions of Section 548(a)(1)(A) of the Bankruptcy Code the Trustee need only show the fraudulent intent of Arbco in making the transfers to Penson to prove his case, shifting the burden to Penson to establish, if it can, an affirmative defense of having received the payments in good faith.

Given the higher evidentiary burdens of a criminal trial, Regensberg's Ponzi scheme conviction is to be given full *res judicata/collateral estoppel* effect as to the issues of fraudulent intent for purposes of these ensuing civil proceedings.  See, e.g.

In re Ramirez Rodriguez, 209 B.R. 424, 433 (Bankr. S.D. Tex. 1997) ("the criminal conviction of Ms. Rodriguez based on the debtors' operation of a Ponzi scheme conclusively establishes fraudulent intent, and precludes the defendant [investor] from relitigating this issue".); In re Manhattan Investment Fund Ltd., 310 B.R. 500, 512 (Bankr. S.D.N.Y. 2002), aff'd 397 B.R. 1 (S.D.N.Y. 2007). Thus, the Trustee's pleading of Regensberg's "Ponzi scheme" conviction in paragraph 28 of the Amended Complaint alone satisfies the fraudulent intent element.

Accordingly, since the focus of this case being on the first cause of action, this case should remain in the Bankruptcy Court, which clearly has jurisdiction over this count for actual fraud.

In its motion, Penson cites to two cases, In re Blixseth, 2011 WL 3274042 (Bankr. D.Mont. 2001) and In re Teleservices Group, Inc., 2011 WL 3610050 (Bankr. W.D.Mi. 2011), which, after Stern v. Marshall, held that the bankruptcy courts lack jurisdiction over fraudulent transfer actions. Both of these cases have been criticized for over-reacting, and going beyond the narrow holding in Stern.

The Trustee recognizes that there is some discussion in Stern about its previous decision in Granfinanciera v. Nordberg, 492 U.S. 33 (1989) and whether a fraudulent transfer is a private right. But as one court has since explained,

> The comments in *Stern* about *Granfinanciera* do support an argument that the statutory designation of fraudulent transfer actions as core may be unconstitutional; however, one could also extrapolate from statements made in the decision that such a delegation is not appropriate when section 544(b) and section 548 claims are asserted. *Id.* at 2618 (a matter may be core if "the action at issue stems from the bankruptcy itself").

6

> The bottom line, though, is that the Supreme Court did not hold in *Stern* that bankruptcy judges lack authority to render final judgments on fraudulent transfer claims. In fact, it emphasized—repeatedly—that its holding was narrow and limited to Section 157(b)(2)(C) (counterclaims).

In re Heller Ehrman LLP, 2011 WL 4542512 *4 (Bankr. N.D.Cal.). Indeed, another court examined the Stern decision carefully and concluded that:

> . . . the language from *Granfinanciera* that some courts and commentators fear may limit bankruptcy courts' jurisdiction—language relied on by the *Stern* Court—has been the law for over twenty years. **Yet, this Court is not aware of a single case during the twenty years preceding *Stern* challenging a bankruptcy court's authority to enter final judgments in fraudulent conveyance actions.** (Emphasis added).

See also In re Safety Harbor Resort and Spa, 2011 WL 3849639 *11 (Bankr. M.D.Fla.).

Recognizing that decisions such as those cited by Penson have questioned bankruptcy court jurisdiction over fraudulent transfer actions since Stern, the Court in Heller Ehrman firmly rejected these cases, stating:

> After *Stern,* some courts have concluded that they cannot hear fraudulent conveyance claims as core proceedings. They are focusing on the *dicta* of Stern, not its holding. I believe that this approach thrusts unnecessary burdens on already overworked district courts, especially when bankruptcy courts have a particular expertise in and familiarity with avoidance actions.

In re Heller Ehrman LLP, 2011 WL 4542512 at *6. See also In re Safety Harbor Resort and Spa, 2011 WL 3849639 at *11 ("The Supreme Court does not ordinarily decide important questions of law by cursory dicta. And it certainly did not do so in *Stern*.").

7

The third cause of action to recover preferential transfers is also a core proceeding. See In re Magnesium Corporation of America, 2004 WL 1161172, *1 (S.D.N.Y. 2004)("preferential transfer claims . . . fall within the definition of 'core'."). Cherry picking quotations from Stern that focus on whether the preference action is part of the resolution of a claim, Penson argues that since it filed no proof of claim, the preference action will have no impact on the core claims process, and thus the preference count is not core.

This ignores the fact that the Supreme Court expressly stated that in bringing a preference action, the plaintiff "was asserting a right of recovery created by federal bankruptcy law", lending credence to the core nature of a preference action. Stern v. Marshall, 131 S.Ct. at 2618. In fact, there is no common law right to set aside a preferential transfer – this cause of action exists only in the context of the Bankruptcy Code. Thus, the Supreme Court specifically distinguished preference actions from the facts in Stern, noting that unlike a preference action, "Vickie's claim, in contrast, is in no way derived from or dependent upon bankruptcy law; it is a state tort action that exists without regard to any bankruptcy proceeding." Id.

Moreover, Penson has raised as a defense to the preference action the safe harbor provisions of Section 546(e), which limit the litigation of claims against stock brokers. As with the preference action, the safe harbor provision has no existence outside of bankruptcy, confirming that the third cause of action is a core proceeding that arises only in the context of the bankruptcy law.

The Trustee recognizes that the fourth through seventh causes of action are common law actions. However, the facts of these counts are inextricably intertwined with the facts of the first three causes of action, and so all seven counts should be tried together. Importantly, 28 U.S.C. § 157(c)(2) permits the Bankruptcy Court to enter a final judgment even in non-core matters with the consent of the parties. That consent may be implied, and, once given, it is irrevocable. In re St. Mary's Hosp., 117 B.R. 125 (Bankr. E.D.Pa. 1990).

In In re Men's Sportswear, Inc., 834 F.2d 1134, 1137-1138 (2d Cir. 1987), the Second Circuit instructed that while implied consent should not be "lightly inferred", nonetheless, failure to raise jurisdiction in a timely manner "can only be construed as implied consent", as a late effort to challenge the jurisdiction of the Bankruptcy Court "more closely resembles an afterthought than a bona fide objection."

While the defendant in Men's Sportswear did not raise jurisdiction until after having filed an appeal from the final decision of the bankruptcy court, the reasoning of the Second Circuit in that decision is equally applicable to this case. Here, Penson was fully satisfied to request relief from the Bankruptcy Court not once, but twice, without mentioning jurisdiction until its reply papers filed in connection with the second motion. This is simply too little and too late.

With the first factor of the Orion factor firmly in favor of denial of the motion to withdraw the reference, it becomes apparent that other Orion factors also require retention of this proceeding in the Bankruptcy Court. For example, the filing of

the instant motion after such a long time, and while the motion to dismiss was still pending, reeks of forum shopping.

Moreover, the Bankruptcy Court has already reviewed both motions to dismiss, as well as recent case law on the issues raised in this action, and is familiar with the underlying facts surrounding Regensberg Ponzi scheme. Thus, the efficient use of judicial resources, avoidance of delay and reduction in costs all militate in favor of litigation in the Bankruptcy Court. For all these reasons, the reference should not be withdrawn and the adversary proceeding should remain in the Bankruptcy Court.

Alternatively, if this Court finds that the ultimate trial should be conducted in the District Court, the Trustee respectfully submits that for practical reasons, the decision to withdraw the reference should be deferred until trial. This possibility was specifically recognized by the Second Circuit, when it explained that:

> If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference. However, a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court.

In re Orion Pictures Corp., 4 F.3d at 1101-1102; See also McCord v. Papantoniou, 316 B.R. 113, 126 (E.D.N.Y. 2004)("judicial economy favors keeping this proceeding involving core and "related" claims in the bankruptcy court for pretrial purposes. Accordingly, defendant's motion should be denied without prejudice to its renewal when the bankruptcy court certifies that this adversary proceeding is ready for trial."); In re

Magnesium Corporation of America, 2004 WL 1161172 at *2 ("While the issue is always case specific, often courts in this District have found it appropriate to defer withdrawing the reference until the case is trial ready" (collecting cases)).

Similarly, in this case, if the determination is made to withdraw the reference, deferral of the withdrawal will permit this Court to take advantage of the Bankruptcy Court's expertise in dealing every day with causes of action similar to those in the instant complaint, up to the point of trial.

## CONCLUSION

For all of the reasons set forth herein, Penson's motion to withdraw the reference pursuant to 28 U.S.C. § 157 should be denied.

Dated: New York, New York
October 21, 2011

                                                                                  GOLDBERG WEPRIN
                                                                                  FINKEL GOLDSTEIN LLP
                                                                                  Attorneys for Plaintiff
                                                                                  1501 Broadway, 22nd Floor
                                                                                  New York, New York 10036
                                                                                  (212) 221-5700
                                                                               By: _____
                                                                                    J. Ted Donovan, Esq.

H:\Georgiana\word\ARBCO Capital Management, LLP-Midwest Trading-5018.00\Avodiance Actions\Penson\Memo of law in response to motion to withdraw the reference 10-21-11.doc

11